FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                        :        Chapter 13

In re:                               :

                                          :        Case No. 18-23676 (CGM)

Elizabeth Thomas,                :

                                          :

                          Debtor.     :

                                          :
------------------------------------------------------------X

**MEMORANDUM DECISION EXPLAINING THAT NO STAY IS IN PLACE AND LIFTING AND ANNULLING WHATEVER AUTOMATIC STAY MAY STILL BE IN PLACE *NUNC PRO TUNC* TO THE FILING DATE AND HOLDING THAT THE PLAN IS NOT BINDING UPON JPMORGAN CHASE OR PRMI**

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay).

### Background

This bankruptcy case is part of a long-running systemic plan by the Debtor and the non-debtor movants to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas ("Texas Property") from being foreclosed.  This is, from the Court's records, the Debtor's **sixth** bankruptcy filing: 10-40785 (Bankr. S.D. Tex.); 14-22609 (Bankr. SDNY); 15-36259 (Bankr. S.D. Tex.); 17-33326 (Bankr. S.D. Tex.); 18-00598 (Bankr. D.C.); 18-23676 (Bankr. SDNY).

Movants, James Allen (Debtor's brother) and Robert Thomas (Debtor's son) ("Movants"), assist the Debtor in this attempt to delay and defraud JPMorgan Chase in its efforts to foreclose against the Texas Property. Allan Haye, who held record title at the time of JPMorgan Chase's foreclosure sale, also filed many lawsuits and his own bankruptcy petition.[1]

This Court has already entered several orders in this case explaining that the stay is inapplicable to both the Texas Property and to the foreclosure action and to **any action** related to the Texas Property. Moreover, **there is no stay in effect in this case** as the Debtor had two cases pending and dismissed within one year prior to this filing.

**Bankruptcy Court**

On October 29, 2018, Elizabeth Thomas ("Debtor") filed a voluntary chapter 13 case in this Court. She listed James Allen (movant here) as a codebtor with respect to an unsecured debt held by District 1960 in the amount of $2000. She also listed Albert Perry III, Catrice Henry, and Alvin R. Mullen II as codebtors on that same debt. Importantly, no codebtors were listed with respect to JPMorgan Chase's note and mortgage. In fact, the mortgage debt does not appear on her schedules or amended schedules at all. Debtor had discharged her personal liability on the note in her chapter 7 case filed in 2010 in the Southern District of Texas under case number 10-40785.

---

[1] Many of the court documents from these various litigations have been filed on the docket of this case, which the Court has reviewed in detail. *See also Haye v. JPMorgan Chase*, 4:19-cv-04321, (S.D. Tex. Apr. 22, 2021) (detailing the various litigations and explaining: "The property was transferred from Elizabeth Thomas to Robert Thomas to Haye. These three have filed over 20 lawsuits and seven bankruptcies related to this property. Most of these cases were dismissed for a variety of reasons — including for violating court orders — and multiple courts have sanctioned Thomas for her frivolous litigation history, Thomas and her accomplices also created and recorded multiple documents — ranging from 'corrected' deeds to releases to substitutions of trustees — to try to invalidate the Bank's lien. [Haye's] bankruptcy court concluded these actions were sufficient to show a scheme to hinder, delay, and defraud the Bank by preventing it from foreclosing on the property. This court agrees.") (filed on this Court's docket at ECF No. 155). Unless otherwise indicated, all references to "ECF" are references to the electronic docket of the Debtor's case filed in the Bankruptcy Court for the Southern District of New York under number 18-23676.

On December 27, 2018, Debtor amended her statement of financial affairs in this bankruptcy case to include that on October 1, 2016, she transferred the Texas Property to her son, Robert Thomas.

On March 18, 2019, JPMorgan Chase requested that this Court enter *in rem* relief from the automatic stay regarding the Texas Property. ECF No. 39. Due to the fact that Debtor does not own the Texas Property, on May 6, 2019, the Court signed an order stating, "the automatic stay under 11 U.S.C. § 362(a) in this chapter 13 case does not apply and never has applied to the [Texas] Property, the Debtor not having claimed any interest in the [Texas] Property," and that the codebtor stay under 11 U.S.C. § 1301(a) does not apply and never has applied in this chapter 13 case. The Court then adjourned the hearing for *in rem* relief from the automatic stay to June 26, 2019. ECF No. 47.

The June 26, 2019 hearing on *in rem* relief never took place. On July 7, 2019, JPMorgan Chase sent a letter to the Court renewing its motion for *in rem* relief from the automatic stay. In response, Allan A. Haye sent a letter to the Court alleging that he was the record owner of the Texas Property and that JPMorgan Chase is not a secured creditor entitled to *in rem* relief. He also advised the Court of his own chapter 13 bankruptcy pending in the Southern District of Texas. On December 20, 2019, the Court granted *in rem* relief on the Texas Property in favor of JPMorgan Chase (and any subsequent successor or assign) and stated that any future cases Debtor or any other person/entity files under the Bankruptcy Code within two years of the order will not operate as an automatic stay with regards to the Texas Property. ECF No. 80. The Southern District of Texas had also issued an *in rem* order with regard to the Texas Property in Mr. Haye's case dated September 24, 2019. ECF No. 148, Ex. D.

On June 17, 2020, the Court entered an order granting Debtor's motion to reclassify JPMorgan Chase's claim from secured to unsecured due to Debtor's lack of ownership in the Texas Property. ECF No. 110. On June 22, 2020, the Court signed an order directing the chapter 13 trustee not to make payments on JPMorgan Chase's claim. ECF No. 114. On December 29, 2020, Judge Lane confirmed Debtor's chapter 13 plan. ECF No. 130.

**Texas State Court Action**

There is currently a case pending in the District Court of Harris County Texas ("Harris County Court") under case number 18-14171 ("Harris County Case"). In that case, on February 12, 2022, Primary Residential Mortgage, Inc. ("PRMI") filed a petition to intervene and asks the Harris County Court to impose sanctions against the Debtor, Elizabeth Thomas, among others, for fraudulent actions that she allegedly committed when she filed a motion for summary judgment in the Harris County Case on November 30, 2018.[2]

On March 3, 2022, Movants filed this motion in Bankruptcy Court to determine the preclusive effect of a confirmation order, and to determine whether the automatic stay was terminated with respect to "property of the estate." By this motion, Movants are attempting to use this Court's prior orders to persuade the Harris County Court that it does not have the power to hear and determine the currently pending motion of PRMI.

---

[2] The "Wherefore" clause of that motion states: WHEREFORE, PREMISES CONSIDERED, Intervenor PRIMARY RESIDENTIAL MORTGAGE, INC. respectfully requests that this Court reconsider and vacate its Order granting Elizabeth Thomas' Motion for Partial Summary Judgment and decline to execute the proposed Agreed to Final Judgment; grant a new trial if the summary judgment is considered to be a final judgment; impose sanctions on James Allen, Robert Thomas, Elizabeth Thomas, and Colleen M. McClure; award PRMI its attorney's fees and costs, to be paid by the Related Litigants, their attorney, or all of them jointly and severally; stay proceedings until Judge Hittner rules on the Joint Motion to Remand, and upon remand, transfer this case to the 127th Judicial District Court, or alternatively, dismiss this lawsuit; and grant all such other and further relief to which PRMI may show itself justly entitled, special and general, at law and in equity." *See Thomas v. Thomas*, 22-03024 (Bankr. S.D. Tex. Feb. 11. 2022), ECF No. 2, Ex.18 at 17.

As will be explained more fully *infra*, nothing in this bankruptcy case prevents the Harris County Court (or any other court) from issuing any decision it wishes against the Debtor, the Texas Property or any other party.

**Texas Bankruptcy Court**

As if this were not enough gamesmanship, on February 11, 2022, Debtor, Elizabeth Thomas, filed a notice of removal and motion to transfer venue of the Harris County Case to the Southern District of Texas so that it could be transferred to this Court. *Thomas v. Thomas*, 22-03024 (Bankr. S.D. Tex. Feb. 11. 2022), S.D. Tex.[3] ECF No. 1. The motion was removed to the Bankruptcy Court for the Southern District of Texas. *Id.* The Bankruptcy Court for the Southern District of Texas held a hearing in that case on March 30, 2022. S.D. Tex. Hr'g Transcript at 4:24–25 (filed on this Court's docket at ECF No. 152, Ex. 6). Debtor, Elizabeth Thomas, appeared *pro se* at that hearing.

At that hearing, the Bankruptcy Court for the Southern District of Texas questioned "whether the stay has been lifted to allow your client to proceed against an individual in bankruptcy in New York." S.D. Tex. Hr'g Transcript at 8:16–18. The Bankruptcy Court for the Southern District of Texas then stated that "the automatic stay does not allow you to proceed with the remand motion." *Id.* at 19:15–16. The Bankruptcy Court for the Southern District of Texas went on to state that "[i]t looks like at least some of the other matters we can't hear because they would violate the automatic stay. I don't believe proceeding with injunctive relief violates the automatic stay because it is an exception under the police and regulatory power" and Bankruptcy Court for the Southern District of Texas then decided to set the injunctive relief

---

[3] The Court is using "S.D. Tex." to indicate that these citations are to the electronic docket of the Bankruptcy Court for the Southern District of Texas.

down for an evidentiary hearing on April 6, 2022. *Id.* at 20:14–21:17. It went on to state "I have

an application to proceed *informa pauperis*. I have a scheduling conference, and I have a motion

to transfer. I think all of those are in . . . violation of the automatic stay. I'm not going to hear any

of them."[4] *Id.* at 22:17–18.

The evidentiary hearing never took place. *See* Courtroom Minutes ("Time Hearing Held:

11:00 am - 11:03 am. Appearances: No appearances. The Court finds that motion 11[[5]] is

withdrawn by the movant as to remand and the injunctive relief. Motion 8[[6]] is currently moot or

stayed with no action taken. No scheduling order entered related to 6[[7]]. Motion 4[[8]] denied on

the record."), S.D. Tex. ECF No. 27. Debtor, consistent with her pattern, withdrew her requested

relief before any final determination could be made by the Bankruptcy Court for the Southern

District of Texas.

**April 27, 2022 Hearing before this Court**

At the April 27, 2022 hearing held by this Court on the Movants' motion for contempt, an

attempt was made to withdraw the motion because the Bankruptcy Court for the Southern

---

[4] At that March 30, 2022 hearing held before the Bankruptcy Court for the Southern District of Texas, there was also some argument regarding an order entered by this Court denying relief from the automatic stay. The order was entered on December 21, 2021 and can be found on this Court's docket at ECF No. 141. The order is irrelevant to this issue and Debtor and Movants argued it to the Bankruptcy Court for the Southern District of Texas without providing the full context. A motion for relief from stay was made by Attorney Colleen McClure on behalf of Alvin R. Mullen II and Albert Perry III seeking to terminate the stay "to allow the state court to issue judgments and orders concerning [their] claims" against the Miramar Lake Homeowners Association Inc. The case is 2016-87941 in the 33rd Judicial District Court of Harris County, Texas. It was admitted at the hearing on the motion that Alvin R. Mullen II and Albert Perry III had "absolutely no claims against the Debtor" and that the claims involved "property that belonged to [the Debtor] but that [according to Attorney Colleen McClure] she no longer owns." *See* Recording of Dec. 15, 2021 Hr'g. The Court determined that the claims in this motion were not claims against the Debtor and were not claims against property of the Debtor. *Id.* The order denying relief from stay located at ECF No. 141 was not a ruling on whether there was any stay in effect in this case but was rather a consent order with Debtor's bankruptcy counsel indicating that the requested relief could not be granted due to legal deficiencies in the motion. *Id.* (the Court having consulted the audio recording of the hearing).
[5] Motion for Remand. Filed by Intervenor-Plaintiff Primary Residential Mortgage, Inc.
[6] Motion To Transfer Adversary To Another Division. Filed by Elizabeth Thomas
[7] Order for Conference Pre-Trial Conference
[8] MOTION/APPLICATION to Proceed *In Forma Pauperis* by Elizabeth Thomas.

District of Texas already ruled on the issue. *See* Recording of Apr. 27, 2022 Hr'g. The Court denied the Movants' request to withdraw the motion. The Bankruptcy Court for the Southern District of Texas did not rule on whether the automatic stay precludes PRMI's motion to intervene and for sanctions in the Harris County Case. *Id.*

While the Bankruptcy Court for the Southern District of Texas made some remarks about whether the automatic stay was in effect, no actual relief has been granted in that case. Rather, PRMI's motion to remand was withdrawn and the Debtor's motion to transfer the adversary to another division was marked "moot or stayed with no action taken." *See* Courtroom Minutes, S.D. Tex. ECF No. 27.

As such, the Court will set forth the myriad of reasons for why the Movants motion must be denied. PRMI is free to move against the Debtor for any reason, including for sanctions in the Harris County Case.

## Discussion

### The Automatic Stay Did Not Go into Effect Upon Filing

As a repeat filer, Debtor is **not entitled** to the protection of the automatic stay. 11 U.S.C. § 362(c)(4)(A). Under § 362(c)(4)(A), if a . . . [bankruptcy] case is filed by . . . a debtor who is an individual under this title, and if 2 or more . . . [bankruptcy] cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case." This case was filed on October 29, 2018. Debtor had two other chapter 13 cases pending and dismissed within the previous year. She previously filed chapter 13 in the Bankruptcy Court for the District of Columbia on September 6, 2018, and that case was dismissed on November 6, 2018. *See* 18-00598 (Bankr. D.C.). She also filed chapter 13 in the Bankruptcy Court for the Southern District of Texas on June 1, 2017, and that case was

dismissed on July 13, 2017.  *See* 17-33326 (Bankr. S.D. Tex.).  As a consequence, no stay went

into effect upon the filing of this petition.[9]  *In re O'Farrill*, 569 B.R. 586, 590 (Bankr. S.D.N.Y.

2017) ("[I]f a debtor files a petition, but had two cases pending within the preceding year, both

of which were dismissed, the debtor does not receive an automatic stay upon filing the new, third

petition.").

**The Automatic Stay Did Not Go into Effect Against the Debtor's Property or Property of the Estate**

The Movants appear to argue[10] that despite § 362(c)(4)'s preventing the stay from going

into effect to protect the Debtor, the automatic stay continues to go into effect as to the debtor's

property and property of the bankruptcy estate.  This Court disagrees and adopts the reasoning

set forth by the Court of Appeals for the First Circuit in *Smith v. Maine Bureau of Revenue

Services* (*In re Smith*), 910 F.3d 576 (1st Cir. 2018).  Discouraging bankruptcy abuse and bad

faith repeat filings, as § 362(c)(4) is meant to do, "is best achieved by interpreting § 362(c)(3)(A)

to terminate the entire stay, including as to estate property. The portion of the stay that is most

valuable to a bankruptcy petitioner, just as to a creditor, is the portion that protects estate

property." *Smith*, 910 F.3d at 590.  In this case, the stay never went into effect as to actions

against the debtor, the debtor's property, and property of the bankruptcy estate.  *Id.* at 591.

**The Automatic Stay Does Not Apply to the Texas Property**

Even if the stay had gone into effect in this case, which it did not, on May 6, 2019, this

Court signed an order stating, "the automatic stay under 11 U.S.C. § 362(a) in this chapter 13

---

[9] Debtor made a *pro se* motion seeking to have the Court allow the stay to go into effect. ECF No. 4. The motion was opposed. ECF No.14. She withdrew that motion prior to the hearing date. ECF no. 15 (notice of withdrawal). The time for her to make a new request has passed. 11 U.S.C. § 362(c)(4)(B) (stating that a motion to order the stay to take effect must be made within 30 days of the filing of the bankruptcy petition). For the same reason, even if Debtor only had 1 prior bankruptcy case pending and dismissed within the previous year, the automatic stay would have terminated on the 30th day after the filing of the bankruptcy petition, pursuant to § 362(c)(3)(A).

[10] Movants papers are incoherent and indecipherable but the Court will give them the benefit of the doubt that this is what they were trying to argue.

case does not apply and never has applied to the [Texas] Property, the Debtor not having claimed

any interest in the Property."[11]  ECF No. 47.  That order also states that "the co-debtor stay under

11 U.S.C. § 1301(a) by its terms does [not[12]] apply and never has applied in this chapter 13

case."  *Id.*

Additionally, on December 20, 2019, this Court entered an order declaring that

the Debtor's

> bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors
> that has involved multiple bankruptcy filings by the Debtor and affecting the
> Property; and good and sufficient cause appearing, including the failure of the
> Debtor to perform their duties as a debtor under the Bankruptcy Code in good
> faith in multiple bankruptcy cases affecting the Property, it is
> **ORDERED** that, under 11 U.S.C. § 362(d)(4), and provided that this order is
> recorded in conformity therewith, any future case filed under the Bankruptcy
> Code by the Debtor, Elizabeth Thomas, within two years from the entry of this
> order shall not operate as an automatic stay under 11 U.S.C. § 362(a) as to
> [JPMorgan Chase Bank, N.A.as servicer for JPMorgan Chase Bank, National
> Association (with any subsequent successor or assign]'s interest in the Property.

ECF No. 80.

**The Stay Does Not Apply to PRMI's PostPetition Claims**

By its own terms, § 362(a)(1) applies only to actions or proceedings against the Debtor

that "was or could have been commenced before the commencement of the [bankruptcy case]."

PRMI is seeking to hold Debtor in contempt for things that occurred after the filing of this

bankruptcy case and, as such, § 362(a)(1) does not operate as a stay of causes of action.  PRMI's

motion seeks to penalize Debtor for actions taken in connection with the filing of her summary

---

[11] [THIS FOOTNOTE IS REPEATED FROM FOOTNOTE 3 FOR THE EASE OF THE READER.] The order goes
on to declare that "the automatic stay under 11 U.S.C. § 362(a) will not apply to the Movant's interest in the
Property in any bankruptcy case commenced by the Debtor, Elizabeth Thomas within 180 days after the entry of this
order, subject to a motion, on due notice by the Debtor, for an order imposing the automatic stay as to  [JPMorgan
Chase Bank, N.A. (with any subsequent successor or assign)]'s interest in the Property."  ECF No. 47.
[12] The order inadvertently left out the word "not" in this order.  However, since the Debtor has failed to list any
codebtors on the Texas Property debt in her schedules—there are no codebtors for which a codebtor stay could
apply.

judgment motion. That motion was filed in the Harris County Court on November 30, 2018.[13]

This case was filed on October 29, 2018. Thus, any claim against the Debtor for conduct

occurring during the summary judgment process is a post-petition claim and not subject to §

362(a)(1).

PRMI's causes of action against the Debtor related to the Harris County Case summary

judgment, including any causes of action for monetary damages, may proceed unfettered by this

Court's stay.

**Any Stay Remaining in this Case Shall Be Annulled *Nunc Pro Tunc* to the Date of Filing**

In its opposition to the Movants' motion, JPMorgan Chase has asked this Court to grant it

"such relief in equity or law to which it is justly entitled." ECF No. 148 at 13. Out of an

abundance of caution, this Court now annuls any stay that may be in effect or was in effect at any

time during the pendency of this bankruptcy case in order to ensure that the foreclosure sale that

took place against the Texas Property on March 3, 2020 is not invalidated by anything that has

occurred in this Court. *Id.*

The power to "annul" the automatic stay *nunc pro tunc* "thereby validating past

proceedings or actions that would otherwise be deemed void" is set forth in § 362(d) of the

Bankruptcy Code. *Koutsagelos v. PII SAM, LLC*, 12-CV-1703 NGG, 2013 WL 2898120, *3

(E.D.N.Y. June 13, 2013). The determination as to whether the automatic stay should be

---

[13] The "Wherefore" clause of that motion states: WHEREFORE, PREMISES CONSIDERED, Intervenor
PRIMARY RESIDENTIAL MORTGAGE, INC. respectfully requests that this Court reconsider and vacate its
Order granting Elizabeth Thomas' Motion for Partial Summary Judgment and decline to execute the proposed
Agreed to Final Judgment; grant a new trial if the summary judgment is considered to be a final judgment; impose
sanctions on James Allen, Robert Thomas, Elizabeth Thomas, and Colleen M. McClure; award PRMI its attorney's
fees and costs, to be paid by the Related Litigants, their attorney, or all of them jointly and severally; stay
proceedings until Judge Hittner rules on the Joint Motion to Remand, and upon remand, transfer this case to the
127th Judicial District Court, or alternatively, dismiss this lawsuit; and grant all such other and further relief to
which PRMI may show itself justly entitled, special and general, at law and in equity." *See Thomas v. Thomas*, 22-
03024 (Bankr. S.D. Tex. Feb. 11. 2022), ECF No. 2, Ex.18 at 17.

annulled *nunc pro tunc* is left to the discretion of the courts, who "are advised to adopt a holistic

approach, where 'the facts of each [case] will determine whether relief is appropriate under the

circumstances.'" *Id.* (quoting *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir.1999)).  The finding that

a debtor filed her petition in bad faith is sufficient cause for a court to grant *nunc pro tunc* relief

from the automatic stay without the consideration of other factors.

The Debtor is presumed to have filed this petition in bad faith by virtue of her repeat

filings.  11 U.S.C. § 362(c)(4)(B) & (c)(4)(D)(i)(I) ("A case is presumptively filed not in good

faith as to all creditors if 2 or more previous cases under this title in which the individual was a

debtor were pending within the 1-year period.") (cleaned up).  The Court also made a

determination that "the filing of the Debtor's bankruptcy petition was part of a scheme to delay,

hinder, and defraud creditors."  ECF No. 80.

Based on the bad faith filing of the Debtor, any stay remaining in effect is annulled as to

all creditors *nunc pro tunc* to the date of the filing of the bankruptcy petition.

**The Confirmation Order Does not Bind PRMI or JPMorgan Chase**

Movants also argue that this Court's confirmation has a preclusive effect and has the

power to prevent the Harris County Court from hearing and determining claims in the Harris

County Case.  That notion is incorrect.   While it is true that confirmation of a chapter 13 plan is

a final judgment on the merits, *see Celli v. First Nat'l Bank (In re Layo)*, 460 F.3d 289, 294 (2d

Cir. 2006), the confirmation order in this case has no effect on the Harris County Case or the

Texas Property.  The Court never made any determination regarding the validity of any lien on

the Texas Property—nor would it have been proper to as that property is not (and has never

been) property of the estate.

The order reclassifying of JPMorgan Chase's claim to unsecured was based solely on the fact that Debtor does not own the Texas Property.  That the claim is not being paid in Debtor's plan is only because the Debtor previously discharged her personal obligation to repay the debt.

The Court made no determination as to JPMorgan Chase's right to enforce its interests against the Texas Property. Indeed, this Court granted JPMorgan Chase the right to enforce any rights it has in the Texas Property when it granted *in rem* relief.  ECF No. 80 (specifically giving permission for JPMorgan Chase Bank, N.A.as servicer for JPMorgan Chase Bank, National Association and **any subsequent successor or assign** to enforce its interest in the Texas Property).  The validity of the March 3, 2020 foreclosure sale on the Texas Property is not invalidated or affected in any way whatsoever by this bankruptcy case.

PRMI is not a prepetition creditor of the Debtor's and, for that reason, cannot be bound by the Debtor's plan.

## **Conclusion**

The Court shall issue a separate order implementing this memorandum decision.



Dated: **April 28, 2022**
**Poughkeepsie, New York**

/s/ **Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

Page **12** of **12**